IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL WALKER CROUCH, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-551-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Michael Walker Crouch is a state prisoner. He is represented in this habeas action by counsel of record.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On October 26, 2001, a jury found Crouch, a habitual offender, guilty of felony driving while

intoxicated (DWI) in the 355th Judicial District Court of Hood County, Texas, and the trial court assessed his punishment at fifty years' confinement. (State Habeas R. at 267) Crouch appealed, but the Second District Court of Appeals affirmed the trial court's judgment on March 20, 2003, and the Texas Court of Criminal Appeals refused his petition for discretionary review on September 24, 2003. *Crouch v. Texas*, No. 2-02-007-CR, slip op. (Tex. App.–Fort Worth Mar. 20, 2003) (not designated for publication); *Crouch v. Texas*, PDR No. 1040-03. Crouch filed a state application for writ of habeas corpus on December 17, 2004, which was denied without written order by the Texas Court of Criminal Appeals on September 12, 2007. (State Habeas R. at cover) This federal petition was filed on September 18, 2007.

**D. ISSUES**

Crouch raises the following claims:

1. His 50-year sentence for felony DWI as a habitual offender is illegal and violates due process because there was no evidence to support a felony conviction and the jury charge authorized conviction only for a misdemeanor DWI;

2. He was denied fair appellate review of his challenge to the legal sufficiency of the evidence in violation of due process; and

3. He was denied effective assistance of counsel at trial and on appeal. (Petition at 2)

**E. RULE 5 STATEMENT**

It appears Crouch has sufficiently exhausted his state remedies with regard to his claims as required by 28 U.S.C. § 2254(b)(1). (State Habeas R. at 17-18)

**F. DISCUSSION**

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically,

when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### *2. 50-Year Sentence*

Crouch claims his 50-year sentence for felony DWI as a habitual offender is illegal and violates due process because there was no evidence to support a felony conviction and the jury charge authorized conviction only for a misdemeanor DWI.

The indictment alleged that Crouch committed DWI on July 23, 2000. (State Habeas R. at 263) To enhance the offense to a third degree felony, the indictment alleged Crouch was previously convicted of DWI on March 28, 1996, March 12, 1990, and November 14, 1985. (*Id.* at 263-64) To further enhance the offense to habitual offender status, the indictment alleged Crouch had been previously convicted of felony offenses for theft, possession of a prohibited weapon, and two instances of aggravated assault on a peace officer in May 1991 and possession of a controlled substance in November 1986. (*Id.* at 264-266) Crouch stipulated to the 1996 and 1985 DWI convictions. (14Reporter's R., Exhibit 12)

Crouch asserts that because the state offered no evidence to prove, and the jury charge did not include the indictment allegation of, Crouch's March 12, 1990 DWI conviction, he is guilty of only misdemeanor DWI because the 1985 DWI conviction did not result in a final conviction. (Petition at 7-8) Crouch claims he was charged with DWI in Tarrant County in cause number 0225370 on December 13, 1983, and he pled guilty and was placed on probation on July 31, 1984. An unsigned order purporting to revoke his probation and award credit for time served was filed on

4

November 14, 1985. Absent evidence that the trial court granted the motion to revoke, he urges there was no evidence that his probation was, in fact, revoked and that the conviction became final. (*Id.* at 8) Thus, according to Crouch, the state could not use the 1985 DWI to enhance the 2000 DWI. (*Id.*)

Crouch raised this claim for the first time in his state habeas application. The state countered the claim by arguing that (1) Crouch could not challenge in habeas proceedings the sufficiency of the evidence supporting enhancement allegations where the record contains some evidence (Crouch's stipulation) in support of such allegations, (2) a sufficiency of the evidence challenge is not cognizable on state habeas review, (3) Crouch had waived his right to put the state to its proof of an element to which he confessed, and/or (4) the validity of the 1985 DWI conviction was not affected by the failure of the trial judge to sign the judgment. (State Habeas R. at 164-69)

Although the Texas Court of Criminal Appeals stated no reasons when it denied the habeas application, under state law, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the court in *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice, Crouch's claim is procedurally barred from this

court's review. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). No such showing has been demonstrated.

Even if the claim were not procedurally barred, Crouch's claim fails. Under state law, Crouch's stipulation to the two prior DWI offenses, admitted into evidence and published to the jury, relieved the state of its burden to prove the prior DWI convictions and is sufficient proof of the convictions. *See Bryant v. Texas*, 187 S.W.3d 397, 402 (Tex. Crim. App. 2005); *Tamez v. Texas*, 11 S.W.3d 198, 201-02 (Tex. Crim. App. 2000). Moreover, the 1985 DWI conviction is presumptively valid because it is no longer open to attack. *See Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 403-04 (2001).

### 3. *Denial of Fair Appellate Review*

Crouch claims he was denied fair appellate review in violation of his due process rights because the Second Court of Appeals failed to address his specific argument on appeal that the evidence was insufficient to establish that he was driving while he was intoxicated. (Petition at 19-21)

The appellate court, applying the test set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and noting that evidence existed both supporting and contradicting the jury's findings that Crouch was guilty of driving while intoxicated, held that the evidence, along with reasonable inferences therefrom, was legally sufficient to support Crouch's conviction. Crouch filed a motion for rehearing asserting that the appellate court had failed to address his primary issue that the evidence was insufficient to prove he was intoxicated at the time he was driving, if he was driving. The court denied the motion. *Id.*, Mtn for Reh'g, at 1-3. Thereafter, Crouch raised the claim in his petition for discretionary review and state habeas application. In each instance, the claim was

6

rejected.

On federal habeas review, a court is not permitted to make its own subjective determination of guilt or innocence. *Jackson*, 443 U.S. at 320 n.13. The jury is free to choose among all reasonable constructions of the evidence. *United States v. Garcia*, 86 F.3d 394, 398 (5th Cir. 1996). It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *United States v. Lage*, 183 F.3d 374, 382 (5th Cir. 1999). Our review is thus limited to whether the jury's verdict was reasonable, not whether we believe it to be correct. This standard of review is the same regardless of whether the evidence is direct or circumstantial. *Id.* It is the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 318-19. When faced with a record that arguably supports conflicting inferences, courts must presume that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. *Id.* at 326. Applying these principles to Crouch's case, an independent review of the evidence does not indicate that the evidence was insufficient to support the jury's verdict or that the state court's application of the *Jackson* standard was unreasonable in light of the evidence.

### 4. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.

7

2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Crouch asserted his ineffective assistance claims in his state habeas application, however, the state habeas judge, who also presided over Crouch's trial, recommended that the application be denied without conducting an evidentiary hearing. (State Habeas R. at 259) In turn, the Texas Court of Criminal Appeals denied the application without express findings of fact or written order. (State Habeas R. at cover) This constitutes an adjudication on the merits by the Court of Criminal Appeals and is entitled to the presumption of correctness. *Singleton*, 178 F.3d at 384. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, assuming the state courts applied the *Strickland* attorney-performance standard to Crouch's ineffective assistance claims and made factual findings

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

8

consistent with their denial of the claims, we defer to the state court's determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Crouch claims he received ineffective assistance of trial counsel because counsel failed (1) to object to the state prosecutor impeaching Smeltzer with inadmissible prior convictions and unadjudicated extraneous offenses, and (2) to object to the trial court's improper comments regarding Smeltzer's credibility. (Petition at 10-15)

As to the first claim, the defensive strategy was that Smeltzer was the driver of the pickup, had fled the scene because she had pending criminal charges on the night in question, and Crouch had initially lied about being the driver to protect Smeltzer from further trouble with law enforcement. (12Reporter's R. at 38) Thus, it was reasonable that counsel did not object to the prosecution's questioning on the issue.

As to the second claim, defense counsel subpoenaed Smeltzer to testify at trial. She appeared on October 25, 2001, and was instructed to return the next day, on October 26, 2001, at 8:30 a.m. (12Reporter's R. at 7-8) When she failed to appear, the trial court recessed the jury for two hours. (11Reporter's R. at 68-69) Following the two-hour recess, Smeltzer still had not appeared or been located by law enforcement. The court then ordered her arrested and instructed the jury to return the next morning. The next morning, Smeltzer still had not appeared or been located by 8:30 a.m. After she finally appeared later that morning, the trial resumed at 1:00 p.m. Defense counsel called Smeltzer to testify and gave her an opportunity to explain her reasons for failing to appear when

9

initially directed and thereafter, appearing late. (*Id.* at 8-9) Moreover, notwithstanding the soundness of her explanation, counsel was able to use her initial failure to appear to bolster the defensive theory that she was reluctant to testify because she, and not Crouch, had been driving the truck at the time of the accident. (*Id.* at 77-79) Accordingly, even if Crouch could demonstrate deficient performance by counsel for failing to object to the trial court's statements, he cannot show his defense was prejudiced as a result.

Crouch claims he received ineffective assistance of counsel on appeal because counsel failed to raise the issue that his 50-year sentence for felony DWI as a habitual offender is illegal and violates due process because there was no evidence to support a felony conviction and the jury charge authorized conviction only for a misdemeanor DWI. (*Id.* at 21-23) Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000) (applying *Strickland* standard to ineffective assistance claims against appellate counsel); *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). A petitioner must show that appellate counsel's failure to raise an issue worked to his prejudice–i.e., that but for counsel's error he would have prevailed on his appeal.[2] *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). Crouch has not satisfied this requirement. He has identified no potentially meritorious points of error that his appellate counsel could or should have included as a part of his appellate brief. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal. Prejudice does not result from

---

[2]The performance component of *Strickland* need not be addressed first, and an ineffective assistance claim may be disposed of on the ground of lack of sufficient prejudice. *Robbins*, 528 U.S. at 286 n.14; *Strickland*, 466 U.S. at 697.

appellate counsel's failure to assert a meritless claim or a meritless argument. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

## II. RECOMMENDATION

Crouch's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 11, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 11, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 21, 2008.

          /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE