IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL WALKER CROUCH, §
    Petitioner, §
VS. §   CIVIL ACTION NO.4:07-CV-551-Y
 §
NATHANIEL QUARTERMAN, §
Director, T.D.C.J. §
Correctional Institutions Div., §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Michael Walker Crouch under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 21, 2008; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 5, 2008.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons noted herein.

As noted by the magistrate judge, Crouch's claim that his 50-year sentence for felony DWI as a habitual offender is illegal and violates due process of law because there was no evidence to support a felony conviction and the jury charge authorized conviction only for a misdemeanor DWI, is properly construed as a challenge to the legal sufficiency of the evidence, and as such, was procedurally defaulted when it was not raised on direct

appeal.[1] To the extent Petitioner argues that this claim is essentially that there was "no evidence" to support his conviction, such factual insufficiency claims are based on Texas state law rather than federal law, and are not cognizable for federal habeas relief.[2] As such, Petitioner's reliance on state case law recognizing an applicant's right to raise a state habeas challenge to an evidentiary stipulation[3] is misplaced, and such objections are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Michael Walker Crouch's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

SIGNED February 9, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] Notwithstanding whether under Texas law, the fact that he stipulated to two prior DWIs would have precluded him from raising a legal sufficiency-of-the-evidence claim on appeal as to the facts stipulated. *See generally Bryant v. State,* 187 S.W.3d 397, 401-02 (Tex. Crim. App. 2005)(holding that defendant's stipulation to prior DWI convictions was a judicial admission that removed the need for proof of such convictions and barred him from complaining on appeal that the state failed to prove an element that he admitted).

[2] *Woods v. Cockrell,* 307 F.3d 353, 358 (5th Cir. 2002)(noting that while Texas has used a more stringent standard for reviewing the factual sufficiency of evidence to support the elements of a criminal offense, such standard does not implicate federal constitutional concerns).

[3] *See Ex parte Sparks,* 206 S.W.3d 680, 683 (Tex. Crim. App. 2006)(noting that evidence is treated differently on appeal than in habeas corpus).

2